# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CYNTHIA MANSKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.09-CV-179-WDS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, Michael J. Astrue, | ) ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is the Report and Recommendation of Magistrate Judge Clifford J. Proud that this Court affirm the Administrative Law Judge's determination affirming the Commissioner's final decision finding that plaintiff is not disabled and deny her motion for Summary Judgment. (Doc. 25.) The plaintiff filed objections to the Report and Recommendation (Doc. 39) and the defendant filed a response. (Doc. 43.) Upon review of the record, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Clifford J. Proud (Doc. 37). Pursuant to 18 U.S.C. § 636(b) the Court will review those portions of the recommendation to which objections were filed.

## I. BACKGROUND

Plaintiff, Cynthia Mansker, filed an appeal with this Court from the final decision of the Commissioner of Social Security ("Commissioner") which denied her application for Social Security benefits. Plaintiff claims to have been disabled since July 5, 2005, due to shortness of breath, pain in her knees and lower back, diabetes, hearing and vision loss, and arthritis in her fingers.

The magistrate judge has filed a Report and Recommendation in which he recommends that plaintiff's motion for summary judgment be denied and that Commissioner's final decision denying disability benefits be adopted.

The parties do not object to the facts as set out in the magistrate judge's Report and Recommendation. Briefly, plaintiff filed concurrent applications for disability insurance benefits and supplemental security income in July, 2005, alleging disability beginning in 2005 as a result of diabetes, chronic obstructive pulmonary disease, arthritis, and hearing and visual impairments. The application was denied initially in October of 2005, and again on reconsideration in February of 2006. At plaintiff's request, a hearing was held before the Administrative Law Judge ("ALJ") on August 22, 2007. The ALJ denied the application for benefits in a decision dated April 7, 2008. The Appeals Council denied plaintiff's request for review on January 6, 2009, making the ALJ April 7, 2008 decision final.

Plaintiff then sought judicial review in this Court arguing that: (1) ALJ's Residual Functional Capacity ("RFC") Assessment was not supported by substantial evidence, (2) the ALJ erred in weighing medical opinions, (3) ALJ's finding that plaintiff could return to her past relevant work was flawed because she did not determine the specific requirements of that past work and (4) the ALJ erred in her determination of plaintiff's credibility. The magistrate judge rejected plaintiff's arguments.

The magistrate judge recommends that this Court find that the ALJ's findings as to plaintiff's RFC are supported by substantial evidence in the record and that the ALJ put forth sufficient analysis of the evidence and set out a logical explanation about how the plaintiff's symptoms limit her ability to work. This analysis included a finding that the ALJ did not err in

her determination that the plaintiff was not a credible witness as to the self-serving description of her disabling symptoms. The magistrate judge also recommends a determination by this Court that the ALJ did not err in weighing medical opinions and favoring the opinion of the examining doctor over the opinion of the treating doctor. The magistrate judge explained that, "the ALJ quite properly observed that the rather severe limitations set forth in [the treating doctor's] assessment were contradicted by the objective findings in his own records." Finally, the magistrate judge's recommendation is a finding that the ALJ did not have to investigate in any detail the requirements of the plaintiff's past relevant work, because the plaintiff had no functional limitations in the use of her hands. Following magistrate judge's Report and Recommendation, plaintiff filed a timely objection.

Judicial review of a denial of a social security benefits claims against the Commissioner of Social Security is limited to a determination of whether the ALJ's findings are supported by substantial evidence. *See, Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996). This Court will review *de novo* those parts of the Report and Recommendation to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(C); *L.H. Jr. v. Astrue*, No. 3:07-CV-300-TS, 2010 WL 2710577, at *1 (N.D. Ind. July 7, 2010).

## II. ANALYSIS

Plaintiff raises several objections to the magistrate judge's Report and Recommendation. First, plaintiff objects to ALJ's treatment of Dr. Leung's opinion. She asserts that the magistrate judge failed to explain why, despite differences between the light work requirement of 6 hours in an 8-hour work day and Dr. Leung's finding that plaintiff should be limited to standing for 4 hours and walking 1 hour, the magistrate judge recommended a finding that the ALJ's opinion

3

was supported by "substantial evidence". Second, plaintiff objects to the magistrate judge's finding regarding plaintiff's fatigue due to diabetes. Third, plaintiff objects to the magistrate judge's recommendation regarding the ALJ's treatment of plaintiff's limitations regarding the use of her hands. Fourth, plaintiff objects to magistrate judge's recommendation regarding plaintiff's hearing and vision impairments. Fifth, plaintiff objects to magistrate judge's recommendation on ALJ's determination on how much weight to give the opinion of plaintiff's treating doctor, because the ALJ did not address the factors required by 20 C.F.R. § 404.1527(d). Sixth, plaintiff objects to the magistrate judge's recommendation regarding ALJ's finding that plaintiff could return to her past work without sufficiently considering the demands of that work. Finally, plaintiff objects to magistrate judge's recommendation regarding smoking cessation as a factor in determining credibility.

**A. The ALJ Properly Found that Plaintiff Was Capable of Performing Light Work.**

The ALJ determined that plaintiff had the RFC to perform light work and the magistrate judge found that this determination was based on substantial evidence. Plaintiff takes issue with an alleged inconsistency between Dr. Leung's opinion that plaintiff should be limited to standing for 4 hours per day and walking 1 hour per day, and Dr. Kerr's opinion, that plaintiff could stand or walk for less than 2 out of 8 hours, in contract to the ALJ's finding that plaintiff could perform "light work" which requires standing and walking about 6 hours in an 8-hour day. (AR 17.) However, plaintiff's argument misses the mark in that it relies on only a partial definition of "light work". SSR 83-10 additionally defines "light work" as a job involving "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." *See* SSR 83-10; 20 C.F.R. § 404.1567(b); *Ziegler v. Astrue*,

4

336 F. App'x 563, 569 (7th Cir. 2009) ("[plaintiff] may be correct that he could not perform a job that required a 'good deal of walking or standing,' but his argument ignores the remainder of the definition."). Thus, according to its full statutory definition, the ALJ properly found that plaintiff was restricted to a limited range of light work.

Additionally, plaintiff alleges that the ALJ erred by not sufficiently addressing both doctors' opinions on plaintiff's limitations of walking and standing due to leg pain and numbness. However, a complete reading of the record reveals that the ALJ *did* specifically address these concerns but found that the "evidence as a whole does not support the degree of limitations assigned." (AR 16.) The ALJ properly determined, that Dr. Kerr's findings regarding plaintiff's limitations of walking and sitting, were primarily based on plaintiff's self-reported symptoms. (AR 16.) The ALJ additionally found that although plaintiff stated that she had arthritis in her back, there were no objective signs or findings to verify that condition.

Dr. Leung's determined that plaintiff exhibited normal gait and full range of motion in her spine and that finding supports the ALJ's findings (AR 17.) Dr. Leung also opined that plaintiff retained the ability to perform activities like, "shopping, travel without a companion, ambulate without assistive devices, walk a block at a reasonable pace on rough or uneven services, prepare a simple meal, and care for personal hygiene." (AR 17.) Thus, the ALJ sufficiently addressed the claimed limitations in the RFC and noted that they were not supported by objective evidence.

**B. The ALJ Made a Proper Credibility Determination.**

The ALJ also found that plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but that her statements concerning the intensity,

persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC. (AR 14.) Plaintiff objects to the ALJ's credibility determination by narrowly focusing on one of the arguments proffered. Plaintiff claims that the ALJ improperly concluded that plaintiff's inability to quit smoking should not have been a determinative factor in assessing her credibility. To support the argument, plaintiff cites, *Shramek v. Apfel*, 226 F.3d, 809, 813 (7th Cir. 2000), where the plaintiff was denied benefits partially because she failed to follow her doctor's prescribed treatment and quit smoking. The court found that "it is extremely tenuous to infer from the failure to give up smoking that the claimant is incredible when she testifies that the condition is serious or painful. . . [and] an unreliable basis on which to **rest** a credibility determination." *Id.* (emphasis added).

Additionally, plaintiff provides statistics showing that 70% to 80% percent of short term quitters start smoking again. *See 2*, *Harrison's Principles of Internal Medicine* 2738 (17th ed. 2008). Plaintiff provides support, in this instance, to counter a conclusion that was never made. The ALJ and the magistrate judge did not find her inability to quit smoking determinative of her credibility; rather it was her personally expressed disinterest in even attempting to quit that was relevant to her credibility. Although the ALJ could have, perhaps, more clearly explained her conclusion, the omission is harmless because there is substantial evidence supporting her decision. *See Halsell v. Astrue*, 357 F. App'x 717, 723 (7th Cir. 2009) (finding that although ALJ's reasoning is imperfect there is substantial evidence supporting her decision).

As the magistrate judge noted, it is not error if the ALJ concludes that the fact that plaintiff refused her treating doctor's efforts to interest her in quitting was an indication that her shortness of breath was not as severe as she claimed. The record shows that even thought she

6

complained about shortness of breath to Dr. Leung, plaintiff was still not interested in smoking cessation. Dr. Leung found plaintiff in a "pre[-]contemplative phase" as it related to tobacco abuse. *Id*. *Shramek*, should not be read so broadly as to prohibit any credibility determination as it relates to smoking, because there is a vast difference between one who cannot quit and one who does not even want to try despite alleged sever breathing problems.

Additionally, the ALJ did not rest her credibility findings solely on the inability to quit smoking. The ALJ listed additional factors for her determination with respect to plaintiff's credibility, including that, plaintiff frequently did not wear her hearing aids or glasses and did not maintain a proper diet for diabetes control. (AR 14.) The ALJ's credibility assessment is afforded special deference because she was in the best position to see and hear the witness and determine credibility. *See Shramek* 226 F.3d at 811. The Court will not reverse that assessment if the ALJ builds an "accurate and logical bridge between the evidence and the result." *Id*. The ALJ has made that connection, and therefore, the Court finds that the ALJ's credibility determination is supported by substantial evidence.

### C. The ALJ Properly Accounted for Plaintiff's Fatigue in the RFC.

Plaintiff objects to magistrate judge's finding regarding her fatigue levels. Plaintiff further states that the ALJ only mentioned plaintiff's fatigue but did not discuss its extent or effect on the RFC assessment. In fact, however, the ALJ discussed plaintiff's diabetes in several place in her opinion and properly noted that plaintiff's diabetes was uncontrolled and that her blood sugar remained elevated. (AR 15, 16, 17.) Additionally, the ALJ noted that "although daily chores took longer [for the plaintiff] to accomplish due to fatigue, she cooked her own meals, cleaned, dusted, did laundry, washed dishes, made her bed and went shopping twice a

7

month." (AR 15.) The ALJ spent considerable time questioning the plaintiff about her diabetes at the hearing on August 22. (Doc 20-2 at 31-32.) When the ALJ asked what happened to make the plaintiff think that she is disabled, the plaintiff generally mentioned being diagnosed with diabetes. The plaintiff did not, during the hearing, claim that she was experiencing fatigue. Plaintiff relies upon *Hill v. Astrue*, 295 F. App'x 77, 84 (7th Cir. 2008).  In *Hill,* the Seventh Circuit discussed a situation where the the ALJ's lack of discussion of plaintiff's claims of fatigue caused the court to question whether the ALJ considered the entire record. *Hill*, is distinguishable, however,  from the case at bar because in *Hill*, the plaintiff testified that she suffered pain and fatigue at the hearing and the SSA consultant found that her complaints were credible. *Id.* at 80, 84. Here, plaintiff testified to nothing more than that she has diabetes and her blood sugar is "around 200 on the average." (Doc. 20-2 at 32.) Furthermore, even as the *Hill* court noted, "[the] ALJ need not discuss every piece of the evidence in the record."  The court's concern was only with a lack of discussion of fatigue, in light of overwhelming evidence that the conclusion should have been contrary to the one reached by the ALJ. *Hill*, 295 F. App'x at 84.

SSR 96-8p states that the "RFC assessment must be based on *all* of the relevant evidence in the case record." SSR 96-8p (emphasis added). This includes, *inter alia*, reports of daily activities, recorded observations and medical source statements.  *Id.* After reviewing the Activities of Daily Living Questionnaire, the medical evidence in the record, and the testimony given at the hearing, the ALJ properly concluded that plaintiff's fatigue was not a limiting factor and was, therefore, justified in giving it only a cursory mention. Furthermore, the medical record

shows that plaintiff's HbA1c level was 7.1% which is only 0.1% higher than the recommended

levels according to WebMD.[1]

        D.       **The ALJ's Made a Proper RFC Determination Regarding Plaintiff's Hands, Hearing and Vision Impairments.**

Plaintiff objects to ALJ's treatment of limitations in plaintiff's use of her hands. The

plaintiff takes issue with a single observation, out of the many presented and asserts that the ALJ

made improper conclusions. Dr. Leung's examination results showed that plaintiff had normal

grip strength, was able to grasp and hold things and could pick up a penny off the table. Despite

these results, Dr. Leung opined that due to arthritis and Heberden's nodes in the hands, plaintiff

was limited in the ability to perform manipulative tasks on a repetitive basis.

However, these two observations are not the only ones in the record. In the Activities of

Daily Living Questionnaire filled out on August 22, 2005, and a subsequent questionnaire filled

out on January 25, 2006, plaintiff reported no problems turning pages or dialing a phone. (AR

15,16.) Additionally, Dr. Coe examined plaintiff and noted that although her fingers had,

"marked distal osteoarthritic changes . . . her hands were fully functional and reportedly not very

painful." (AR 15.) Considering all the evidence in the record the Court finds that the ALJ's

determination relating to plaintiff's hand limitations was supported by substantial evidence.

Next, plaintiff objects to the ALJ's treatment of her hearing and visual impairments. The

ALJ found that the evidence did not indicate that plaintiff's hearing did not improve with hearing

aids. (AR 14.) Without any explanation, plaintiff claims that this was an impermissible medical

determination. The Court is not persuaded that the ALJ's finding was anything more than a

permissible logical inference based on the evidence in the record. Furthermore, the ALJ properly

---

[1] *Diabetes Guide*, WebMD, (Mar. 24, 2011), http://diabetes.webmd.com/guide/glycated-hemoglobin-test-hba1c.

considered limitations due to plaintiff's hearing and adopted Dr. Leung's opinion that plaintiff, "should avoid loud noises." (AR 17.) In fact, the ALJ asked the vocational expert, Dr. Borderi, to assume a work environment where plaintiff would not be exposed to loud noises.

The plaintiff also objects to ALJ's treatment of her visual impairments. (Doc. 39 at 6.) Nothing in the record shows that plaintiff's vision cannot be improved with proper correction. Plaintiff claims that she had occasional blurred vision, floaters and difficulty seeing in the dark and these vision impairments are not correctable. Assuming these limitations are not correctable, they are neither severe nor applicable to the RFC determination. Plaintiff claims that floaters impair her vision, yet, "most people have floaters and learn to ignore them."[2] Furthermore, plaintiff's claims of problems with night vision, are unsupported by the medical evidence in the record. Additionally, plaintiff's past relevant work as either, a machine operator and assembler or a warehouse clerk, does not appear to require working in the dark.

E.   The ALJ's Properly Applied 20 C.F.R. § 404.1527(d) in Evaluating What Weight to Give the Opinions of Dr. Kerr and Dr. Leung.

Plaintiff objects to the ALJ's determination giving more weight to examining doctor's assessment and less weight to the treating doctor's assessment and claims that the ALJ did not discuss factors as required by C.F.R. § 404.1527(d). A treating doctor's opinion is entitled to controlling weight, if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. § 404.1527(d). If the ALJ does not give the treating doctor's opinion controlling weight she must apply such factors as: (1) length of the treatment relationship and frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability

---

[2] *Facts About Floaters*, National Eye Institute, (Mar. 25,2011), http://www.nei.nih.gov/health/floaters/floaters.asp#1.

of the opinion by presentation of relevant evidence such as medical signs and laboratory findings, and (4) any other factors brought to the ALJ's attention which tend to support or contradict the opinion. § 404.1527(d)(2), (3), (6). If the ALJ discounts a physician's opinion after considering these factors, her decision must stand, so long as she "minimally articulated" her reasons. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). The Seventh Circuit has found this "very deferential standard" to be "lax." *Id.* Here, the ALJ has met that standard. The ALJ noted that Dr. Kerr was plaintiff's treating physician, discussed at length his various opinions and adopted his recommendation regarding plaintiff's limitations relating to exposure to respiratory irritants and loud noises. (AR 16-17.)

The ALJ specifically followed §404.1527(d)(3) by finding that those limitations were supported by medical findings. (AR 17.) The ALJ found that Dr. Kerr's opinions about plaintiff's abilities to "carry/lift less than 10 pounds, stand or walk less than 2 hours and sit less than 6 hours," were "heavily reliant on [plaintiff's] reported complaints." (AR 16.) The ALJ properly decided that the evidence, when viewed as a whole, did not support a medical finding generated by plaintiff's self-serving complaints; especially in light of a negative credibility finding. This logical reasoning, is exactly the process required by § 404.1527(d), and its "minimal articulation" is present here, as required by *Elder v. Astrue*. *Elder*, 529 F.3d at 415.

### F. The ALJ Properly Found that Plaintiff Could Return to Past Work.

The plaintiff objects to AJL's finding that plaintiff could return to her past work. Plaintiff's argument assumes that the ALJ did not sufficiently consider the particular demands of plaintiff's past work as those demands may relate to plaintiff's alleged limitations in the use of her hands. The ALJ was under no duty to make those considerations. SSR 82-62 states that,

11

"detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as *appropriate*." SSR 82-62 (emphasis added). Here, the ALJ did not find the alleged hand limitations, and therefore did not have to inject those limitations into the hypothetical given to the vocational expert. The ALJ did, however, examine the vocational expert on plaintiff's past relevant work and the vocational expert classified it as "light semi-skilled. (Doc. 20-2 at 37.) Since the ALJ found that plaintiff has a limitation because she cannot be exposed to irritants and loud noises, the ALJ asked the vocational expert to take that limitation into consideration before deciding whether plaintiff could perform past relevant work. With that limitation in mind, the vocational expert opined that plaintiff could still perform her past relevant work. Thus, the ALJ sufficiently considered the particular demands of plaintiff's past relevant work as limited by the ALJ's findings in the record.

### III.  CONCLUSION

Accordingly, the Court **OVERRULES** plaintiff's objections to the recommendaiton of the magistrate judge and **ADPOTS** the magistrage judge's recommendations. The Court **AFFIRMS** the Commissioner of Social Security's final decision regarding Cynthia Mansker's July, 2005, application for disability benefits plaintiff's motion for Summary Judgment is **DENIED** on all grounds raised.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE:   30  March, 2011**

                                        **/s/  WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**